IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MILILLO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 16-298 |
| CEC ENTERTAINMENT, INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**MARILYN HEFFLEY, U.S.M.J.**                                                           **July 28, 2016**

Presently before this Court is Plaintiff Joseph Milillo's ("Plaintiff") unopposed Petition for Leave to Settle or Compromise Minor's Action ("Petition") (Doc. No. 32).[1] In his Petition, Plaintiff, as the parent and natural guardian of Julian Milillo ("J.M."), a minor, seeks the Court's approval of a settlement reached on J.M.'s behalf with Defendants CEC Entertainment Inc., d/b/a Chuck E. Cheese, Bromley Inc. and Universal Space Video Game (Canada) LTD (collectively, "Defendants"). The December 11, 2013 incident which forms the basis of the lawsuit is as follows: the tip of J.M.'s right middle finger was severed by a flap while he was playing the Street Hoops basketball game at a Chuck E. Cheese restaurant in Warrington, Pennsylvania.

This Court has an inherent and important duty to protect the interests of minors and incompetents who appear before it. Nice v. Centennial Area Sch. Dist., 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000). As such, Local Rule 41.2 requires court approval of the settlement of a minor's claim and any distribution of funds created by that settlement, including attorney's fees and

---

[1] This case was originally filed in the Philadelphia County Court of Common Pleas and was subsequently removed to this Court pursuant to 28 U.S.C. § 1332(c)(1). Notice of Removal (Doc. No. 1).

costs, to ensure that the settlement does not infringe upon the substantive rights of the minor.  Id. The assessment of a minor's substantive rights by a federal court sitting in diversity jurisdiction is governed by state law—in this case, Pennsylvania Rule of Civil Procedure 2039, which provides courts with a broad responsibility to ensure that a proposed settlement agreement is in the best interests of the minor.  See Storms v. O'Malley, 779 A.2d 548, 556 (Pa. Super. Ct. 2001) (holding that Rule 2039's "primary purpose is to prevent settlements which are unfair to minors, and to ensure that the minor receive[s] the benefit of the money awarded") (internal citations omitted); Power v. Tomarchio, 701 A.2d 1371, 1374 (Pa. Super. Ct. 1997) (holding that a reviewing court "is charged with protecting the best interest of the minor") (emphasis in original).

In this case, to ensure that the proposed settlement is in the best interests of J.M., the Court must assess: (1) the sufficiency of the Petition; (2) the fairness of the proposed settlement; and (3) the reasonableness of the requested legal fees.  Johnson v. Clearfield Area Sch. Dist., 319 F. Supp. 2d 583, 586 (W.D. Pa. 2004).  The Court is mindful that in conducting its review, "the parties and counsel are usually in the best position to evaluate the settlement" and "their judgments are entitled to considerable weight."  Chambers v. Hiller, No. 88-2128, 1988 U.S. Dist. LEXIS 13590, at *3 (E.D. Pa. Dec. 2, 1998).

Here, Plaintiff sought more than $50,000.00 in damages for the injuries associated with the incident, specifically the amputation of J.M.'s fingertip, as well as nightmares, post-traumatic stress disorder, sleep disturbances, anxiety and pain, and made an initial settlement demand of $100,000.00.  Notice of Removal at 3.  The proposed settlement before this Court is for the gross sum of $75,000.00 payable by Defendants to the Plaintiff.  The distribution of this amount includes a payment of $22,500.00 to Plaintiff's counsel, Kornblau & Kornblau, P.C., for

attorney's fees; a payment of $1,715.69 to Plaintiff's counsel for reimbursement of litigation costs; a payment of $1,336.00 to Independence Blue Cross Family of Companies c/o Equian for reimbursement of medical expenses; and a payment of the remaining $49,448.31 to J.M., with direction that these monies be deposited in a federally-insured, interest-bearing savings account, certificate of deposit, or credit union account from a federally-insured bank or savings institution in Bucks County, Pennsylvania, marked not to be withdrawn before J.M. reaches the age of majority. Pet. at 1-2.

In deciding whether the settlement amount of $75,000.00 serves J.M.'s best interests, this Court notes that according to the Petition, J.M. received medical care at the Children's Hospital of Philadelphia which included wound treatment and application of a long arm cast. Pet. Ex. A. (Doc. No. 32-1) at 3. Treatment records indicate that J.M. suffered no subsequent complications and needed no additional medical treatment, and that his severed fingertip fully regenerated within a month of the incident. Pet. ¶ 9-10; Pet. Ex. A (Doc. No. 32-1), at 2-4. Independence Blue Cross Family of Companies c/o Equian has requested $1,336.00 for reimbursement of the medical services provided. Pet. Ex. D (Doc. No. 32-1), at 13. The representations of counsel and J.M.'s parents and a review of the medical records accompanying the Petition indicate, there are no medical expenses expected to be incurred in the future as a result of the incident. Based on the foregoing, this Court finds that the settlement is fair and reasonable and adequately meets the needs and best interests of J.M. in this case.

Next, in approving the settlement, the Court must also assess the reasonableness of the requested attorney's fees and costs. See Loc. R. Civ. P. 41.2(c). Under Pennsylvania law, which is applicable here, the first step is to evaluate counsel's deduction for fees in light of the Philadelphia County Court of Common Pleas' presumptive lodestar of one-third or thirty-three

percent (33%). Lee v. Victoria's Secret, LLC, No. 10-3662, 2012 U.S. Dist. LEXIS 25260, at *12 (E.D. Pa. Feb. 27, 2012); Phila. R. Civ. P. 2039.1(F) ("Under normal circumstances, [where a minor or incompetent has an interest,] a counsel fee in the amount of one-third of the net fund recovered shall be considered reasonable, subject to the approval of the Court"). For any deviation upward from the lodestar, the Court may consider factors including, but not limited to: (1) the amount of work performed; (2) the character of services rendered; (3) the complexity of the issues; and (4) the importance of the litigation. Id. (citing Johnson, 319 F. Supp. 2d at 590-91).

Here, Plaintiff's counsel seeks attorney's fees of 30% or $22,500.00 and litigation costs of $1,715.69.[2] This amount falls within the presumptive lodestar in Philadelphia County. In addition, Plaintiff's counsel notes that beyond his preparation of the necessary filings in both state and federal court, he successfully reduced a lien for reimbursement of medical expenses to be paid by Plaintiff to Independence Blue Cross Family of Companies c/o Equian from $2,004.35 to $1,336.00, Pet. ¶ 16, that his usual contingency fee rate was reduced from 40% to 30% because of the nature of the case and his representation of a minor, id. ¶ 17, and that settlement was secured by waiving a negligent infliction of emotional distress claim as to J.M.'s mother in favor of J.M. receiving a larger recovery for his own injuries, id. ¶ 18. In consideration of these factors and that the total amount sought by Plaintiff's counsel remains below the presumptive 33.3% lodestar for Philadelphia County, this Court deems the requested attorney's fees and litigation costs to be reasonable.

Accordingly, based upon the representations in the Petition, which include the approval

---

[2]   Combined attorney's fees and litigation costs equal $24,215.69 or 32.3% of the total proposed settlement amount of $75,000.00.

of the settlement by the minor's parents, this Court finds the settlement to be fair, reasonable and in the best interests of J.M.  An appropriate Order follows.

*/s/Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE